IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMIERCA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION FILE |
| | ) | |
| ERIC W. JONES and ELTON AUGUSTIN, | ) | NUMBER 1:11-cr-42-TCB |
| | ) | |
| | ) | |
| Defendants. | ) | |

## **O R D E R**

This matter is before the Court on Defendants Elton Augustin's [108]

and Eric W. Jones's [113] objections to Magistrate Judge Walker's Report

and Recommendation (the "R&R") [102], which addresses the disposition

of several motions filed by both Defendants.

A district judge has a duty to conduct a "careful and complete" review

of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732

(11th Cir. 1982) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th

Cir. 1982)).[1] Where no objection to the R&R is made, it need only be

---

[1] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981, as well as all decisions issued after that date by a Unit B panel of the former Fifth Circuit. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir.

reviewed for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[2] Where objections are made, a district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The district judge must "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*, 677 F.2d at 410 n.8. "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id.* at 410.

---

1982); *see also United States v. Schultz*, 565 F.3d 1353, 1361 n.4 (11th Cir. 2009) (discussing continuing validity of *Nettles*).

[2] *Macort* addressed only the standard of review applied to a magistrate judge's factual findings; however, the Supreme Court has held that there is no reason for the district court to apply a different standard of review to a magistrate judge's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely applied a clear-error standard to both. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373-74 (N.D. Ga. 2006) (collecting cases). By contrast, the standard of review on appeal distinguishes between the factual findings and legal conclusions. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (when magistrate judge's findings of fact are adopted by district court without objection, they are reviewed on appeal under plain-error standard, but questions of law remain subject to de novo review).

The district judge also has discretion to decline to consider arguments that were not raised before the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). Indeed, a contrary rule "would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *Id.* (quoting *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)).

After conducting a complete and careful review of the R&R, the district judge may accept, reject or modify the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1)(C).

The Court has conducted a careful review of the R&R and Defendants' objections thereto. Having done so, the Court finds that Magistrate Judge Walker's factual and legal conclusions were correct and that Defendants' objections have no merit, including Jones's arguments with respect to the grand jury testimony. Thus, the Court ADOPTS AS ITS ORDER the R&R [102].

Augustin's motion to dismiss counts one, two and four of the first superseding indictment [61] is DENIED AS MOOT, and his motion to

dismiss counts one and four of the second superseding indictment [86] and motion to dismiss counts one and two of the second superseding indictment [90] are DENIED.

Jones's motion to dismiss or for the election of count on grounds of multiplicity [64], motion to dismiss the indictment [66], and amended motion to dismiss the indictment [92] are DENIED. Jones's motion for adoption of prior motions [92] is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED this 13th day of September, 2012.

Timothy C. Batten, Sr.
United States District Judge